MEMO ENDORSED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
In the Matter of Arbitration between:                    :
                                                         :    C.A. No. 13 Civ. 0919 (RJS)
MICHAEL BUCHMAN,                                          :
                                                         :    ECF CASE
                              Petitioner,                :
                                                         :
              v.                                         :
                                                         :
MELVYN I. WEISS, DAVID J. BERSHAD, and                   :
WILLIAM S. LERACH,                                       :
                                                         :
                              Respondents.               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-1-13

**NOTICE OF VOLUNTARY DISMISSAL PURSUANT TO FED. R. CIV. P. 41(a)(1)(A)(i))**

PLEASE TAKE NOTICE THAT, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), plaintiff voluntarily dismisses the above-captioned action without prejudice.  Plaintiff is voluntarily dismissing this action *only* because the Court has suggested it may impose costs and expenses should Plaintiff continue to appeal the underlying arbitration award, which plaintiff contends was predicated on a manifest disregard of the law.  The parties shall bear their own costs and expenses.

Dated:  April 30, 2013
        New York, New York

The transcript of the March 15,
2013 oral argument speaks for
itself.  Accordingly,
notwithstanding Petitioner's
utterly superfluous -- and,
frankly, childish -- explanation
for voluntarily dismissing this
action, voluntary dismissal is
GRANTED and the Clerk of the
Court is respectfully directed to
close this case.

By:   /s/ Alexander D. Widell
      William A. Brewer III (WB 4805)
      Alexander D. Widell (AW 3934)
      BICKEL & BREWER
      767 Fifth Avenue, 50th Floor
      New York, New York 19153
      (212) 489-1400
      Attorneys for Plaintiff

SO ORDERED
Dated: 5/1/13          RICHARD J. SULLIVAN
                            U.S.D.J.

## CERTIFICATE OF SERVICE

I certify that on this 30th day of April 2013, I electronically filed the attached document with the Clerk of the Court for the U.S. District Court for the Southern District of New York, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to individuals who have consented in writing to accept this Notice as service of this document by electronic means.

_____ ___ /s/ Alexander D. Widell __ ____ ___
Alexander D. Widell

**FEDERAL ARBITRATION, INC.**

-------------------------------------------------------------------------------------

MICHAEL M. BUCHMAN,

      Claimant, - against —

MELVYN I. WEISS, DAVID J. BERSHAD, and
WILLIAM S. LERACH,

      Respondents.

-------------------------------------------------

**FINAL AWARD**

On April 19, 2012, this Panel entered an award in which a Majority of the Panel stated:

> While the panel is unanimous in finding that the Amended Statement of Claims
> should be dismissed, our colleague is of the view that the Claimant should be
> given leave to assert a claim for "professional career harm." The majority believes
> that a fair reading of the Amended Statement of Claims and all of the papers
> submitted by the Claimant establish that he has never alleged such a cause of
> action or expressed any interest in doing so, and that the facts of record indicate
> that Claimant could not present a viable claim for professional career harm, if
> given the opportunity to replead.

Since the Panel was not unanimous in its view that the action should be dismissed
without leave to replead, the Majority concluded:

> While the majority is of the opinion that the Amended Statement of Claim should
> be dismissed without leave to replead, prudence suggests that, rather than send the
> parties off to court to litigate whether Claimant should have been given the
> opportunity to assert the claim our colleague has found in the Amended Statement
> of Claim, the parties should first be afforded the opportunity to address the issue.

Thereafter, Claimant filed a motion for leave to file a Second Amended Statement of
Claims which attached the proposed amendment. For the most part the proposed claim realleges
the facts and theories set forth in the Amended Demand for Arbitration and Statement of Claims
and adds two specific items of alleged damages: 1) in 2004 Claimant was offered a position with
a Boston firm which he would have accepted if the Respondents had not affirmatively denied
the allegation of the illegal conduct they ultimately admitted in their guilty pleas; and 2) a claim
that the Respondents mislead him as to the anticipated financial results for the firm in 2006
which caused him to fail to resign promptly from the firm with the result that he lost
approximately $300,000 of value in his capital account. The new claim also makes vague
reference to damage to Claimant's reputation and career but contains no specific allegation as to

1

damages.

        Having reviewed all of the submissions, the Majority adheres to its original determination that the Amended Demand for Arbitration and Statement of Claims should be dismissed without leave to replead. As the Majority noted in the April 19 Award:

>         While our colleague is correct that paragraph 51 of the Amended Demand for Arbitration states: "Respondents' unlawful conduct has had a devastating impact on Buchman's career and caused him severe financial injury," that statement is followed by the sentence: "Among other losses, Buchman was deprived of his financial interest in future revenues received and to be received by the firm from long pending cases." Similarly, at the end of the fiduciary duty claim, Buchman alleges that his "career and financial interest," were injured but the only damages he identifies is "his rights in income that the Firm received and will receive in the future."

        Thus, Claimant had the opportunity to detail his claim for professional harm and he did so by alleging that his career damages resulted from the fact that he was compiled to resign from Milberg Weiss. The Majority found that claim to be without merit because he voluntarily resigned. There was no claim asserted in the Amended Demand for Arbitration and Statement of Claims relating to a loss in his capital account.

        Even if the Majority were to consider the Motion to Amend on the merits, the motion would be denied because Claimant could have asserted the newly alleged claims in his original and Amended Demand for Arbitration and Statement of Claims and there is no reason to allow him to amend the claim at this late date to allege claims that were known at the time the original claim was filed.

        The proposed amendment to the Statement of Claim seeks to add allegations with respect to events that occurred in 2004 and 2006 which were known to Claimant at the time this arbitration was commenced and when the Amended Demand for Arbitration and Statement of Claims was prepared. We agree with then District Judge Lynch that

>         [w]hile pleading is not a game of skill in which one misstep may be decisive to the outcome, neither is it an interactive game in which plaintiffs file a complaint, and then bat it back and forth with the Court over a rhetorical net until a viable complaint emerges. It is the plaintiffs' responsibility to plead their case adequately, and a court may deny a plaintiff leave to replead when that party has—as here—been given ample prior opportunity to allege a claim.

*In re Refco Capital Mkts., Ltd. Brokerage Customer Sec. Litig.*, No. 06 Civ. 0643 (GEL), 2008 WL 4962985, at *2 (S.D.N.Y. Nov. 20, 2008).

        The Amended Demand for Arbitration and Statement of Claims was preceded by a

2

complaint in the federal court and the original Statement of Claim in this arbitration.   For the reasons set forth by Judge Lynch there is no basis   to permit Claimant to file a fourth pleading to allege claims that were known to him at the outset.

Even if the Majority had shared the view of the Minority that Claimant should be allowed to file an amended pleading providing additional details supporting his claim of professional career harm, the proposed amendment with respect to that claim would be rejected on two grounds: 1) it is time barred; and 2) it should be dismissed on the merits for failing to allege any damages to the Claimant as a result of the Respondents' conduct.

The only specific allegations which Claimant adds with respect to his claim of professional career harm are the allegations that in 2004 he had the opportunity to join a Boston law firm which he would have taken were it not for the fact that the Respondents wrongfully denied the allegations relating to their wrongdoing.

Under New York law, "an action based on fraud" must be commenced within "the greater of six years from the date the cause of action accrued or two years from the time the plaintiff or the person under whom the plaintiff claims discovered the fraud, or could with reasonable diligence have discovered it." N.Y. C.P.L.R. 213(8).

The claim related to the job offer in 2004 is time-barred unless the new claim relates back to Claimant's earlier pleading. This new claim was not alleged within six years of its accrual or within two years of its actual or constructive discovery. Claimant had knowledge of this claim when he filed his complaint against Respondents in the Southern District of New York in June 2008 and when he filed his original arbitration demand on September 11, 2009. The timeliness of this new claim concerning a job offer Claimant turned down in 2004 therefore turns on whether the new claim can be said to relate back to the prior claims.

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, a pleading may be amended to include an otherwise time-barred claim if "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Thus, "relation back depends on the existence of a common core of operative facts uniting the original and newly asserted claims." *Mayle v. Felix*, 545 U.S. 644, 659 (2005). "[T]he central inquiry is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations by the general fact situation alleged in the original pleading." *Stevelman v. Alias Research Inc.*, 174 F.3d 79, 86 (2d Cir. 1999) (internal quotation marks omitted). "[A]mendments that do no more than restate the original claim with greater particularity or amplify the details of the transaction alleged in the preceding pleading fall within Rule 15(c)." 6A Charles Alan Wright et al., *Federal Practice and Procedure* § 1497. "In contrast, even where an amended complaint tracks the legal theory of the first complaint, claims that are based on an entirely distinct set of factual allegations will not relate back." *Slayton v. Am. Express Co.*, 460 F.3d 215, 228 (2d Cir. 2006).[1]

_____

[1]    Relation back does not depend on "the amending party's knowledge or its timeliness in seeking to amend the pleading." *Krupski v. Costa Crociere S.p.A.*, 130 S. Ct. 2485, 2490 (2010);

3

Rule 15 provides, in addition, that an amendment relates back when "the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1)(A). In other words, "if state law permits relation back when the federal rules would not, the more forgiving state rule controls." 3 James W. Moore et al., *Moore's Federal Practice – Civil* § 15.19[1]. Under New York law, relation back occurs if the original pleading "give[s] notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading." N.Y. C.P.L.R. 203(f). Thus, for example, an original fraud complaint must "sufficiently state the circumstances surrounding the amended fraud claim" in order for the amended claim to relate back. *Alpert v. Shea Gould Climenko & Casey*, 160 A.D.2d 67, 73, 559 N.Y.S.2d 312, 315 (1st Dep't 1990).

Claimant could argue that the new claim of a lost job opportunity relates back to Claimant's original pleading because he has from the beginning alleged that "[b]elieving these representations of fact by [Respondents], [Claimant] continued to serve as a partner in Milberg Weiss." 6/17/08 S.D.N.Y. Complaint ¶ 18; *accord* 9/11/09 Arbitration Demand ¶ 17. In addition, Claimant's original pleading provided Respondents sufficient "notice" that their misrepresentations of innocence in 2004 among other years are at issue. *See Stevelman*, 174 F.3d at 86 (describing "notice" as the "central inquiry"); *Pendleton*, 44 A.D.3d at 737, 843 N.Y.S.2d at 652.

However the claim of a lost job opportunity is a new and different claim which does not come within the relation back doctrine. The claim is inconsistent with Claimant's prior positions, including the allegation in each of his earlier pleadings that "after the May, 2006 indictment . . . [Claimant] began seriously to explore a possible departure from the firm." 6/17/08 S.D.N.Y. Complaint ¶ 25; *accord* 9/11/09 Arbitration Demand ¶ 24; 9/11/09 Amended Arbitration Demand ¶ 41. At oral argument, Arbitrator Martin asked each side to comment on a hypothetical in which Claimant had turned down a concrete career opportunity, for example, a $3 million per year offer from Bernstein Litowitz, and Claimant did not respond by saying he had suffered any such harm. 2/8/12 Oral Argument Transcript at 22-23, 73-78.

The damages Claimant seeks on his lost job opportunity claim also are notably different from the damages he sought in the past. In opposing Respondent's motion to dismiss his last pleading, Claimant stated that he was *not* seeking damages for being fraudulently induced to remain at Milberg. Rather, Claimant's theory was that if Respondents had confessed to their misconduct "prior to April 2006," the Firm would not have been indicted and Claimant would have stayed at the Firm to share in the Firm's hypothetical financial success. Claimant's 11/16/11 Brief in Opposition to Motion to Dismiss at 22; *see also* 2/8/12 Oral Argument Transcript at 76-78, 89-90, 101. Had Claimant included the 2004 job offer in his prior pleadings,

---

*see also Fair Hous. in Huntington Comm. v. Town of Huntington*, No. 02-CV-2787, 2010 WL 2730757, at *8 n.1 (E.D.N.Y. July 8, 2010) (analyzing whether amended complaint arose of same conduct, transaction or occurrence, and emphasizing that pursuant to *Krupski*, "the Court in no way considered Plaintiff's delay in filing the Amended Complaint"); 1 Michael C. Silberberg et al., *Civil Practice in the Southern District of New York* § 6.28 ("If an amended pleading meets the exclusive requirements for relation back, the court may not consider factors such as the amending party's diligence or delay.").

4

it would have undermined his prior attempts to obtain this distinct and higher measure of damages.

Under these circumstances, relation back is not appropriate. *See Slayton*, 460 F.3d at 228 (stating that relation back should be permitted "[w]here the amended complaint does not allege a new claim," but denied where it rests on "entirely distinct set of factual allegations") (internal quotation marks omitted); *Higgins v. NYP Holdings, Inc.*, 836 F. Supp. 2d 182, 192 (S.D.N.Y. 2011) (holding that amended claim that employer did not properly notify employees of leave rights did not relate back to original claim that employer interfered with leave rights); *Panaccione v. Acher*, 30 A.D.3d 989, 990, 816 N.Y.S.2d 780, 780-81 (4th Dep't 2006) (holding that amended claim that malpractice during birth caused physical injury to mother did not relate back to original claim that malpractice during birth caused death of newborn); *Clark v. Foley*, 240 A.D.2d 458, 458, 658 N.Y.S.2d 429, 430 (2d Dep't 1997) (holding that amended complaint that characterized facts differently and added new injury did not relate back to original complaint).

But even if the Panel were to ignore the lack of timeliness of the claim of professional career damage, the claim would still have to be dismissed on the merits. The claim relating to the opportunity to join the Boston firm rests on the allegations that Claimant's current income is less than he would have earned with the Boston firm. However, Claimant does not allege that he would have made more at the Boston firm than he would have made had he remained at Milberg Weiss. As we held in the April 19 award, Claimant was not compelled to leave Milberg Weiss, and, as he repeatedly alleged, his income had he remained would have been substantially more than he is now making. Since Claimant does not allege that he would have made more at the Boston firm than he would have earned had he remained at Milberg Weiss, there is no basis to conclude that Claimant was damaged by the allegedly false statements that induced him to remain at Milberg Weiss rather than moving to the Boston firm.

The proposed claim also alleges that Claimant was compelled to leave Milberg in order to continue his practice as class counsel in antitrust actions. However, like his earlier allegation that he was compelled by ethical obligations to leave the firm, this allegation does not rise to the level of an involuntary act. Rather, Claimant made a choice as to what he perceived to be in his best financial interest at the time. No one or forced or compelled him to leave Milberg Weiss. It is ironic that the damages he seeks are measured by what he would have earned had he remained at the firm. Since he made the voluntary choice to leave, he can not recover what he would have made had he chosen to remain.

While the proposed amendment contains some general allegations as to damage to Claimant's reputation and professional earning ability, there is no allegation of any actual damage suffered. Although Claimant might argue that the specific amount of damages need not be alleged in a statement of claim, at a minimum, the failure to make any showing of actual damages further supports the conclusion that Claimant should not be allowed at this late stage to amend in order to assert claims he has known from the outset and which apparently caused no actual damage.

The claim relating to the loss in Claimant's capital account was not even hinted at in the prior pleadings and even our dissenting colleague agrees that our prior order did not contemplate

5

the allegation of such a totally new claim. In any event, the motion to amend to add this complaint should be denied for two additional reasons.

First the proposed claim relating to losses in Claimant's capital account is on the edge of the statute of limitations period and does not relate back to the claims previously asserted. The only affirmative false statements supporting this claim were allegedly made in late May 2006. Since the motion to amend was made on May 8, 2012, the claim was less than a month short of being time barred. The fact that the new claim is on the border of the statute of limitations is another reason for the Panel to deny the motion to amend a claim of which the Claimant was aware when the first pleading in this action was filed

Second, the claim is without merit. The claim with respect to losses suffered in Claimant's capital account is based on two separate incidents; 1) claimed misstatements by Weiss in May, 2006, that the firm was having a good year and, 2) the failure of the Respondents to advise Claimant in early December 2006 of the poor financial results that the firm would have for the year. There are problems with the merits of each of these allegations.

With respect to the May allegations, the amended claim alleges that Mr. Weiss stated that the firm was on a track to have a good year financially and that the firm had approximately $500,000,000 in time on its books for various matters in which it expected to recover large fees. The problem with this claim is that it fails to identify any particular statement that was false when made. The statement that the firm was on track to have a good year financially was no more than an opinion which the other statements at the meeting seemed to confirm. Claimant alleged in the Amended Demand for Arbitration and Statement of Claims that the firm did in fact receive large fees in the very matters identified in the May 2006 statements. His complaint originally was only that because he left the firm he did not get to share in these fees. While it may be that the timing of the receipt of the fees in question decreased the anticipated 2006 revenue, there is nothing in the amended claim to support an inference that the statements about these prospective fees were fraudulent when made.

The claim of fraud with respect to the events in December 2006 does not allege any false statement made by any of the Respondents. Rather, it alleges that the Respondents failed to disclose what "they knew about the true financial condition of the firm." However there is no dispute that the firm was operated on a closed book basis and the partners had no right to receive financial information such as that referred to in the amended claim. Since Claimant had no right to the information at issue, no duty to Claimant was breached by the failure to disclose it to him.

In sum, there is no reason to grant the Motion to file a Second Amended Statement of Claims to permit Claimant to assert claims which are both untimely and without merit.

CONCLUSION

For the foregoing reasons, the Motion for leave to file a Second Amended Statement of Claim is denied and the Amended Demand for Arbitration and Statement of Claims is dismissed with prejudice.

6

*November 6, 2012*

Dated: October      ,2012

_____
Gary Naftalis

_____
John S. Martin.

7